**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| GLADYS ORELLANA, | Nos. 16-73028 |
| Petitioner, | 17-70666 |
|  | Agency No. A096-044-118 |
| v. |  |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. |  |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 23, 2019[**]
San Francisco, California

Before: BYBEE, N.R. SMITH, and COLLINS, Circuit Judges.

Gladys Orellana, a native and citizen of El Salvador, petitions for review of

the decision of the Board of Immigration Appeals ("BIA") (1) affirming the denial

of her applications for asylum, withholding of removal, and relief under the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT") by an Immigration Judge ("IJ"), and (2) denying the motion to reopen. We deny the petitions for review.

1.      Substantial evidence supports the BIA's affirmance of the IJ's adverse credibility finding.[1] The BIA identified five inconsistencies that supported the IJ's adverse credibility finding. As long as one of the five cited reasons is supported by substantial evidence, we are bound to accept the adverse credibility finding, and we need not address all of the inconsistencies identified by the BIA. *See Rizk v. Holder*, 629 F.3d 1083, 1087 & n.2 (9th Cir. 2011). Here, the BIA found no clear error in the IJ's conclusion that Orellana's testimony was inconsistent with regard to whether her daughter had a boyfriend. Orellana asserts there is no inconsistency and, even if there were, it was trivial. We disagree.

Orellana claimed in her declaration that her daughter had a boyfriend and that her daughter was murdered by Balmores, a member of the Maras Salvatruchas ("MS") gang, because her daughter refused to date him. Orellana's claim was that, because she told the police who had killed her daughter, she feared retaliation from

---

[1] Orellana asserts in her opening brief that the IJ violated her due process rights because the IJ failed to provide her with time to obtain corroborative evidence. However, Orellana failed to exhaust this issue before the BIA. Rather than asking the BIA to remand her case under *Ren v. Holder*, 648 F.3d 1079 (9th Cir. 2011), she claimed that she "fully corroborated her claim with a plethora of supporting documents." We therefore lack jurisdiction to address this issue. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004).

2

the gang. Any inconsistency regarding her daughter's death—an event that was the foundation for her fear of persecution—would not be trivial. *See Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010). Thus, the details relating to whether her daughter had a boyfriend named Jonster or Jones or whether her daughter was dating Balmores were a significant part of her claim of a well-founded fear of future persecution. When questioned about this subject, Orellana changed her testimony multiple times. The IJ gave full weight to Orellana's mental health report in considering her explanation of post-traumatic stress disorder. However, the IJ concluded that Orellana's inability to provide consistent answers was not caused by her mental-health condition. Nothing presented by Orellana compels a contrary conclusion. The IJ was able to observe Orellana in person, and there is substantial evidence to support her decision. *See Shrestha v. Holder*, 590 F.3d at 1041-42. Accordingly, Orellana failed to establish eligibility for asylum. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

2.      Because Orellana failed to satisfy the lower standard of proof required to establish eligibility for asylum, she necessarily has failed to demonstrate eligibility for withholding of removal. *Id.*

3.      Substantial evidence supports the BIA's determination that Orellana failed to establish protection under CAT. Although "[a]n adverse credibility determination

3

is not necessarily a death knell to CAT protection," *Shrestha*, 590 F.3d at 1048, Orellana's claims of future torture are based on her incredible testimony that she will be tortured by the MS gang for her "efforts to provide helpful information to the police." Orellana asserts that the country reports alone demonstrate her eligibility for CAT relief; however, as the IJ noted, she has failed to identify any connection between the gangs in El Salvador and herself that might support a likelihood of future torture.

4.     The BIA did not abuse its discretion in denying the motion to reopen. The declarations Orellana submitted to support the motion to reopen were reasonably available to present to the IJ in the proceedings below. Orellana does not challenge on appeal the BIA's finding that her evidence was previously available; rather, she asserts ineffective assistance of counsel. This issue has not been exhausted, and we lack jurisdiction to address it.[2] *See Barron*, 358 F.3d at 677–78.

     **PETITIONS FOR REVIEW DENIED.**

---

[2] Because the BIA did not abuse its discretion, we need not reach the BIA's alternative finding for denying the motion to reopen.